**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.
Abigail V. O'Brient (SBN 265704)
Andrew B. Levin (SBN 290209)
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858-314-1500
Fax: 858-314-1501

Order Entered on
March 1, 2019
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
LIVE OAK HOLDING, LLC,

Debtor.

BANKRUPTCY NO.13-11672-LT11

Date of Hearing:   February 28, 2019
Time of Hearing:   2:00 p.m.
Name of Judge: Laura S. Taylor

**ORDER ON MOTION FOR ORDER (1) APPROVING BIDDING AND SALE PROCEDURES; (2) APPROVING SALE OF WATER COMPANY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(F); AND (3) GRANTING RELATED RELIEF**

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through six (6) with exhibits, if any, for a total of six (6) pages, is granted. Motion/Application Docket Entry No. 404.

//
//
//
//
//

DATED:   March 1, 2019

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
 (Firm name)
By: /s/ Abigail V. O'Brient
    Attorneys for Richard M Kipperman,
    Chapter 11 Trustee

CSD 1001A

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)

ORDER ON MOTION FOR ORDER (1) APPROVING BIDDING AND SALE PROCEDURES; (2) APPROVING SALE OF WATER COMPANY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(F); AND (3) GRANTING RELATED RELIEF

DEBTOR: LIVE OAK HOLDING, LLC                                   CASE NO: 13-11672-LT11

---

The Motion for Order (1) Approving Bidding and Sale Procedures; (2) Approving Sale of Water Company and Related Assets Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. § 363(f); and (3) Granting Related Relief [Docket No. 404] (the "Motion"), filed by Richard M Kipperman, the chapter 11 trustee (the "Trustee") of Live Oak Holding, LLC (the "Debtor"), initially came on for hearing on February 14, 2019 (the "Initial Hearing").  The Initial Hearing was continued until February 28, 2019 at 2:00 p.m. (the "Hearing") before the Honorable Laura S. Taylor, United States Bankruptcy Judge for the purpose of permitting Nazar Najor and/or potential overbidders identified by Nazar Najor to submit an overbid.  At the Hearing, Abigail V. O'Brient appeared on behalf of the Trustee; Ruben Arizmendi appeared on behalf of the Debtor; Kristin Mihelic appeared on behalf of the Office of the United States Trustee; other appearances were as noted on the record.  After consideration of the Motion, the Memorandum of Points and Authorities in support of the Motion ("Memorandum") [Docket No. 404-2], the declaration of Richard M Kipperman in support of the Motion ("Kipperman Declaration") [Docket No. 404-3], the notice of hearing on the Motion [Docket No. 406], the declaration of Dean Wilson in support of the Motion (the "Wilson Declaration") [Docket No. 410],  the supplemental declaration of Richard M Kipperman in support of the Motion [Docket No. 412] ("Supplemental Kipperman Declaration"), the Notice of Errata Regarding the Supplemental Kipperman Declaration [Docket No. 414], the Trustee's Supplemental Statement in Support of the Motion ("Supplemental Statement") [Docket No. 417], the Debtor's Request for Judicial Notice [Docket No. 419], the Second Supplemental Declaration of Richard M Kipperman in Support of the Motion ("Second Supplemental Kipperman Declaration") [Docket No. 422], and the other pleadings and papers on file in this case, and after deliberation thereon, and for the reasons set forth in the tentative ruling issued by the Court [Docket No. 421], and for the reasons stated on the record, and good cause appearing,

IT IS HEREBY FOUND AND DETERMINED THAT:

  A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

  B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  C. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. The matter concerns the administration of the estate as well as the sale of estate property and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and before this Court under 28 U.S.C. §§ 1408 and 1409.

  D. The statutory predicates for the relief sought in the Motion are section 363 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 6004-1.

  E. As evidenced by the proofs of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Motion, the sale proposed therein, and the hearing on the Motion were provided in accordance with Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rule 2002-1; (ii) such notice was good and sufficient and reasonably calculated to reach and apprise all holders of liens, claims, encumbrances, and other interests in or on (a) Live Oak Springs Water Company, a water utility (the "Water Company"), (b) approximately 27 acres of real property located at 37820 Old Highway 80, Boulevard, California with APNs 609-050-03-00, 609-050-06-00, 609-086-03-00, 609-071-01-00, and 609-090-07-00 occupied by the Water Company and the improvements thereon (including groundwater wells and three 20,000 gallon water storage tanks) (the "Real Property"); and (c) all assets owned by the Water Company and/or owned by the Debtor and used by the Water Company, including, but not limited to, machinery, equipment, hardware, materials, fixtures,

trade fixtures, storage units, vehicles, tools, and books and records (together with the Water Company and the Real Property, the "Assets");[1] and (iii) no other or further notice is or shall be required.

    F.    Good cause exists to grant all relief sought in the Motion.

    G.    The Trustee's use of the Bidding Procedures and the consummation of the sale of the Assets (the "Sale") represent sound exercises of the Trustee's business judgment pursuant to section 363(b) of the Bankruptcy Code.

    H.    As demonstrated by the evidence submitted by the Trustee in connection with the Motion, the Trustee adequately marketed the Assets, and conducted the Sale of the Assets in accordance with the Bidding Procedures, and the Trustee provided a full, fair and reasonable opportunity for any person or entity to make a higher or better offer for the Assets.

    I.    DD Axiom Resources LLC ("DD Axiom"), determined by the Trustee in his sound business judgment to be the Recommended Successful Bidder for all Assets for the reasons set forth in the Kipperman Declaration, the Supplemental Kipperman Declaration, the Supplemental Statement, and the Second Supplemental Kipperman Declaration, is determined to be the Successful Bidder.

    J.    The bid by DD Axiom for the Assets for $150,000, as reflected by the Asset Purchase Agreement by and between the Trustee and DD Axiom, attached as <u>Exhibit 1</u> to the Kipperman Declaration; the Amendment to the Asset Purchase Agreement by and between the Trustee and DD Axiom, attached as <u>Exhibit 2</u> to the Kipperman Declaration; and the Second Amendment to the Asset Purchase Agreement by and between the Trustee and DD Axiom, attached as <u>Exhibit 2</u> to the Second Supplemental Kipperman Declaration (collectively, the "APA"), is determined to be the Successful Bid and (i) constitutes the highest and best offer for the Assets; (ii) constitutes fair value, fair, full and adequate consideration, reasonably equivalent value and reasonable market value for the Assets; and (iii) is in the best interest of the Debtor's estate, the Debtor's creditors, and all other parties in interest.

    K.    The Trustee's determination that the Successful Bid is the highest and best offer for the Assets is a valid and sound exercise of the Trustee's business judgment.

    L.    The Trustee has demonstrated a good, sufficient, and sound business purpose and justification for the Sale of the Assets to the Successful Bidder pursuant to the APA.

    M.    The Successful Bidder is not an insider, as defined in section 101(31) of the Bankruptcy Code, of the Debtor or the Trustee.

    N.    The Successful Bidder is a good faith purchaser of the Assets under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. There is no evidence that the Successful Bidder colluded with the Trustee or other potential purchasers in connection with the Sale. The Trustee and the Successful Bidder negotiated the APA in good faith, without collusion, and from arm's-length bargaining positions, as set forth in the Wilson Declaration.

    O.    A reasonable opportunity to object to the Motion, the Sale, and the terms of the APA was afforded to all parties in interest. No party has objected to the sale of the Assets on the grounds of fraud or collusion.

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to them in the Motion and the Memorandum.

`CSD 1001A` [11/15/04] **(Page 4)**
ORDER ON MOTION FOR ORDER (1) APPROVING BIDDING AND SALE PROCEDURES; (2) APPROVING SALE OF WATER COMPANY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(F); AND (3) GRANTING RELATED RELIEF
DEBTOR: LIVE OAK HOLDING, LLC                              CASE NO: 13-11672-LT11

---

P.  The Assets are property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code. The transfer of the Assets to the Successful Bidder will be a legal, valid, and effective transfer of the estate's interest in the Assets. The transfer of the Assets pursuant to the terms of the APA will vest the Successful Bidder with good, valid and marketable title to the Assets, and will vest the Successful Bidder with all right, title, and interest in the Assets free and clear of any and all liens, claims, encumbrances, and other interests.

Q.  The provisions of Section 363(f) of the Bankruptcy Code have been satisfied. Any outstanding real property taxes attributed to the Real Property asserted by the San Diego County Treasurer-Tax Collector will be paid from the proceeds of the Sale. Any holder of any lien, claim or encumbrance upon any of the Assets that did not object, or withdrew its objection, to the Sale is hereby deemed to have consented to the Sale. Therefore, the Trustee may sell the Assets free and clear of all such liens, claims or encumbrances pursuant to section 363(f) of the Bankruptcy Code.

R.  The Trustee has full authority and power, without any further consents or approvals, to execute and deliver the APA (and any related agreements or documents to effectuate the terms thereof in the Trustee's sole and absolute discretion), to perform his obligations therein, and, subject to any regulatory approval required under applicable state law, to consummate the Sale.

S.  A waiver of the stay pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is appropriate because no opposition was filed to the Motion, and delaying closing is inappropriate because (1) this case has been pending for over five years; (2) closing cannot occur prior to the CPUC's approval of the Sale of the Assets; and (3) the Assets – which are the source of potable water for over 100 customers – require significant ongoing maintenance and expenditures, which the Successful Bidder is better suited to perform and make.

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, AND DECREED THAT:

1.  The findings of fact and conclusions of law set forth above are hereby incorporated by this reference.

2.  The Motion is granted in its entirety. All objections to the Motion, if any, that have not been withdrawn, waived or settled are overruled on their merits with prejudice and may not be reasserted.

3.  The Bidding Procedures are approved in their entirety.

4.  The APA is hereby approved pursuant to section 363(b) of the Bankruptcy Code. The Trustee is authorized, empowered and directed to execute, deliver, perform, consummate and comply with the APA and all other instruments and documents necessary to implement the APA, including the Operating Agreement, attached as <u>Exhibit 1</u> to the Second Supplemental Kipperman Declaration (collectively, the "Ancillary Documents"). The Trustee is further authorized, empowered and directed to effectuate the Sale and to take all further actions as may reasonably be required to convey the Assets to the Successful Bidder, subject to any regulatory approval required under applicable state law.

5.  On the Closing Date, all right, title, and interest in and to, and possession of, the Assets shall be immediately vested in the Successful Bidder, pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, free and clear of all Claims.

6.  The failure to specifically include or reference any particular provision of the APA or any Ancillary Document in this Order shall not diminish or impair the effectiveness of such provision(s), it being the intent of the Court that the APA and the Ancillary Documents be authorized and approved in their entirety. In the event of any conflict between any provision of the APA or any Ancillary Document and this Order, this

CSD 1001A [11/15/04] (Page 5)
ORDER ON MOTION FOR ORDER (1) APPROVING BIDDING AND SALE PROCEDURES; (2) APPROVING SALE OF WATER COMPANY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(F); AND (3) GRANTING RELATED RELIEF
DEBTOR: LIVE OAK HOLDING, LLC                                CASE NO: 13-11672-LT11

Order shall control.

7.  The APA and any Ancillary Documents may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate, as determined by the Trustee in his sole and absolute discretion.

8.  The terms and provisions of the APA, the Ancillary Documents, and this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the estate and its creditors, the Successful Bidder and its affiliates, successors and assigns and any affected third parties, including, but not limited to, all persons asserting a lien, claim, encumbrance, or other interest in the Assets. As set forth in greater detail in the APA, the sale of the Assets is as-is, where-is, with all faults, and the Successful Bidder has had a reasonable opportunity to conduct all due diligence deemed necessary by the Successful Bidder in connection with the condition of the Assets and the purchase of the Assets.

9.  Pursuant to section 363(f) of the Bankruptcy Code, the Trustee is authorized to sell, subject to any regulatory approval required under applicable state law, the Assets and transfer the estate's interest in the Assets to the Successful Bidder free and clear of any and all liens, claims, encumbrances and other interests because no holder of any such interest objected to the Sale and because the requirements of section 363(f) are satisfied with respect to the San Diego County Treasurer-Tax Collector. Subject to the terms of the Operating Agreement, to the extent any real property taxes remain unpaid as of the date the Sale closes, the Trustee is authorized to pay such taxes at closing from the proceeds of the Sale.

10. All persons and entities holding or purporting to hold liens, claims, encumbrances, and other interests of any kind or nature whatsoever against the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, or the Sale are forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder, its successors or assigns, its property, or the Assets, such persons' or entities' liens, claims, encumbrances, and other interests.

11. The transaction contemplated by the APA is undertaken by the Successful Bidder and the Trustee without collusion and at arm's-length, and in good faith, as that term is used in section 363(m) of the Bankruptcy Code. The Successful Bidder is a buyer in good faith of the Assets, the sale price is fair and reasonable, and the Successful Bidder is hereby provided all the protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal.

12. The provisions of this Order are non-severable and mutually dependent on each other.

13. This Court shall retain jurisdiction to enforce and implement this Order and the APA, all amendments thereto, and each of the Ancillary Documents in all respects, including, without limitation, to resolve any disputes arising under or related to the APA and/or the Ancillary Documents or regarding liens, claims or interests asserted against or in the Assets.

14. This Order shall be effective immediately upon entry. The stay set forth in Bankruptcy Rule 6004(h) shall not apply with respect to this Order.

15. Nothing herein shall be deemed to prejudice or alter (x) the Trustee's or Successful Bidder's respective rights under the APA, including with respect to all closing conditions contained thereon, and any Ancillary Document, or (y) the CPUC's regulatory jurisdiction, including with respect to the review and approval

Case 13-11672-LT11   Filed 03/01/19   Entered 03/01/19 09:02:27   Doc 424   Pg. 6 of 6

`CSD 1001A` [11/15/04] **(Page 6)**
ORDER ON MOTION FOR ORDER (1) APPROVING BIDDING AND SALE PROCEDURES; (2) APPROVING SALE OF WATER COMPANY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(F); AND (3) GRANTING RELATED RELIEF
DEBTOR: LIVE OAK HOLDING, LLC                                    CASE NO: 13-11672-LT11

of the Sale of Assets, or the CPUC's rights and immunities under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity.

    16.    This Order shall be binding in all respects upon the Trustee, the Debtor, its Estate, its creditors, and the Successful Bidder.

84545840v.2